

United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**F I L E D**

December 29, 2009

**FOR THE FIFTH CIRCUIT**

Charles R. Fulbruge III
Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    FEB - 5 2010

LORETTA G. WHYTE
CLERK

No. 09-30470
Summary Calendar

D.C. Docket No. 2:06-CV-224
D.C. Docket No. 2:06-CV-344

RASHAN WILLIAMS,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before KING, DAVIS, and HAYNES, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on
file.

It is ordered and adjudged that the judgment of the District Court is
affirmed.

ISSUED AS MANDATE:    0 3 FEB 2010

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

A True Copy
Attest    0 3 FEB 2010

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
                Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# FILED

December 29, 2009

No. 09-30470
Summary Calendar

Charles R. Fulbruge III
Clerk

RASHAN WILLIAMS,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-224

Before KING, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Petitioner Rashan Williams, Louisiana Prisoner #422041, proceeding *pro se* and *in forma pauperis*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Williams, an African–American man, was convicted by a Louisiana jury of second-degree murder in December 1999 and sentenced to a term of life imprisonment, without parole, in January 2000.  After exhausting his state court remedies, Williams filed a petition for federal habeas relief in the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States District Court for the Eastern District of Louisiana in December 2005, asserting various claims for relief. The district court denied Williams's claims and denied his petition with prejudice on May 27, 2009. However, following Williams's notice of appeal and motion for a Certificate of Appealability (COA) on his habeas petition claims, the district court granted a COA on June 10, 2009, for one of Williams's claims: Whether Williams's rights pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), were violated by the prosecutor's systematic exclusion of African–Americans from the jury. On appeal, Williams does not challenge the denial of a COA on his other claims. For the following reasons, we AFFIRM the judgment of the district court denying Williams's petition for habeas relief.

## DISCUSSION

Williams's sole issue on appeal is whether his rights pursuant to *Batson* were violated by the prosecutor's systematic exclusion of African-Americans from the jury. This issue was adjudicated on the merits in state court proceedings. Specifically, in response to Williams's objections at trial, the state trial court found that Williams had not made a prima facie showing of racial discrimination in the prosecutor's use of peremptory challenges because the state had accepted "quite a few black jurors" and the trial court could not say either that there was a racially discriminatory pattern of challenges or that the state "was trying to systematically exclude black jurors." After finding that Williams failed to make a prima facie case, and thus failed *Batson*'s first step, the trial court did not proceed to the subsequent *Batson* steps. The Louisiana state appellate courts upheld the trial court's findings.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), we may grant habeas relief on a claim adjudicated by a state court only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

No. 09-30470

the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *accord Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

Under *Batson*, claims of racial discrimination in jury selection are to be analyzed using a three-step process. *Batson*, 476 U.S. at 96–98; *Price v. Cain*, 560 F.3d 284, 286 (5th Cir. 2009). First, a defendant must make a prima facie showing that the prosecution has exercised peremptory challenges on the basis of race. *Batson*, 476 U.S. at 93–94, 96–97; *Price*, 560 F.3d at 286. Second, if the defendant makes a prima facie showing, the burden shifts to the prosecution to articulate a race-neutral reason for the peremptory challenge at issue. *Batson*, 476 U.S. at 94, 97–98; *Price*, 560 F.3d at 286. Third, the trial court must determine whether the defendant has proved purposeful discrimination. *Batson*, 476 U.S. at 98; *Price*, 560 F.3d at 286. However, "[t]he ultimate burden of persuasion lies with the defendant." *Woodward v. Epps*, 580 F.3d 318, 335 (5th Cir. 2009) (citing *Purkett v. Elem*, 514 U.S. 765, 768 (1995)).

"[T]o establish a prima facie case, a defendant: (1) must show that . . . the prosecutor has exercised peremptory challenges to remove members of [a cognizable racial group] from the venire; (2) is entitled to rely on the fact that peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate; and (3) must show that these facts and circumstances raise an inference that the prosecutor exercised peremptory challenges on the basis of race." *Price*, 560 F.3d at 286 (citing *Batson*, 476 U.S. at 96) (internal quotation marks omitted). "An inference [of discrimination] may be drawn from such circumstances as a 'pattern' of strikes against minority venire members and the remarks made by a prosecutor during voir dire." *Soria v. Johnson*, 207 F.3d 232, 237 (5th Cir. 2000) (citing *Batson*, 476 U.S. at 96–97).

3

No. 09-30470

"The state court's determination that [the defendant] failed to make a *prima facie* showing is a factual finding." *Soria*, 207 F.3d at 238 (citing *United States v. Branch*, 989 F.2d 752, 755 (5th Cir. 1993)). "Therefore, in reviewing th[e finding that the defendant failed to make a prima facie case], we must accord it a presumption of correctness, which can only be rebutted by 'clear and convincing evidence.'" *Id.* (quoting *Thompson v. Cain*, 161 F.3d 802, 811 (5th Cir. 1998)); *see also* 28 U.S.C. § 2254(e)(1).

Recently, the Supreme Court has noted that it did not intend the first step of the *Batson* analysis "to be so onerous that a defendant would have to persuade the judge—on the basis of all the facts, some of which are impossible for the defendant to know with certainty—that the challenge was more likely than not the product of purposeful discrimination. Instead, a defendant satisfies the requirements of *Batson*'s first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred." *Johnson v. California*, 545 U.S. 162, 170 (2005); *Price*, 560 F.3d at 287 (discussing *Johnson*).

Accordingly, based on this interpretation of *Batson*, we recently held in *Price* that "[t]o make a prima facie case, [the defendant] need[s] to show only that the facts and circumstances of his case gave rise to an inference that the State exercised peremptory challenges on the basis of race." *Id.* Further, we described this standard as a "light burden." *Id.*

However, the state court found that Williams did not meet the burden of showing a prima facie case, and Williams has not presented clear and convincing evidence to rebut the presumption that the state court's finding is correct. Williams argues that the prosecutor's challenge of six African–Americans presented a prima facie case of racial discrimination. However, Williams does not point to—nor does the record indicate—any discriminatory statements or inquiries by the state. Further, the record indicates that the state did not challenge at least three African–Americans on the venire and that the state had

4

No. 09-30470

peremptory challenges remaining, which it could have used to challenge these African–Americans on the venire if it were so inclined.[1]

As such, we conclude that Williams has not pointed to or presented clear and convincing evidence to rebut the presumption that the state court's finding—that Williams did not meet his burden of showing a prima facie case of racial discrimination—is correct.[2]  *See Soria*, 207 F.3d at 239 (holding that a petitioner did not rebut the presumption that the state court's finding of no prima facie case of discrimination was correct where a minority served on the jury and the state's use of challenges against minorities did not deviate significantly from the occurrence of minorities in the venire panel).  *Cf. Price*, 560 F.3d at 287 (holding that a petitioner met his burden of producing a prima facie case when the state struck *all* African–Americans on the venire). Williams's failure to rebut the state court's finding means that Williams's *Batson* claim fails, and accordingly, Williams's petition for habeas relief was correctly

---

[1] Also, though the record does not clearly reflect this fact, Williams, in his appellate brief, admits that there was an African–American who served on his jury. This fact, if true, would further support the trial court's finding.

[2] Some of our sister circuits consider the question whether a prima facie showing of racial discrimination in peremptory challenges has been made to be a mixed question of fact and law. *See, e.g., Overton v. Newton*, 295 F.3d 270, 276–77 (2d Cir. 2002) (collecting cases and stating that "the threshold decision concerning the existence of a *prima facie* case of discriminatory use of peremptory challenges involves both issues of fact and an issue of law." (internal quotation marks omitted)). Mixed questions of fact and law, adjudicated by a state court, are evaluated de novo, but under AEDPA, the habeas court is limited to asking whether the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *accord Carty v. Thaler*, 583 F.3d 244, 252–53 (5th Cir. 2009). Here, regardless whether the first step of *Batson* presents a factual question or a mixed question of fact and law, we cannot say that the state court's decision that there was no showing of a prima facie case of discrimination here was either contrary to or involved an unreasonable application of federal law or was based on an unreasonable determination of the facts in light of the evidence presented. Thus, even under AEDPA's de novo review standards, we conclude that Williams's *Batson* claim fails.

No. 09-30470

· denied.

## CONCLUSION

For the foregoing reasons, the judgment of the district court denying Williams's petition for habeas relief is AFFIRMED.